```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Paul Knowles

    v.                                                      Civil No. 21-cv-274-AJ
                                                         Opinion No. 2022 DNH 066

David Hersey

**O R D E R**

Paul Knowles brought suit in state court alleging claims against David Hersey that arose from actions taken in response to an altercation between Knowles's brothers. Hersey removed the case to this court and moves for summary judgment on two of the claims brought against him. Knowles objects.

**Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "'carries with it the potential to affect the outcome of the suit.'" French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quoting Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)). A genuine factual dispute exists if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the summary judgment record in

the light most favorable to the nonmoving party.  Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021).

Under the local rules in this district, the party moving for summary judgment and the party opposing summary judgment must include a properly supported statement of material facts. L 56.1.  "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party."  LR 56.1(b).

Hersey provided a properly supported statement of material facts as part of his memorandum in support of summary judgment. Knowles provided no factual statement with his objection and no evidentiary support to show material facts in dispute or to oppose the facts presented by Hersey.  A day after filing his objection, however, Knowles filed a document titled "Plaintiff's Verified Objection to Defendant's Motion for Partial Summary Judgment" that appears to be an attempt to provide an affidavit by Knowles.[1]  Doc. no. 14.  He also refiled his objection, again without a factual statement.

The court has considered the "Verified Objection" for purposes summary judgment.  To the extent Hersey provides

---

[1] Although the document is signed under the pains and penalty of perjury, it does not say that the statements made therein are true as is required to have the effect of an unsworn declaration.  28 U.S.C. § 1746.

2

properly supported facts in support of summary judgment, those facts are deemed to be admitted by Knowles unless countered in the "Verified Objection."

## Background

In May of 2018, Paul Knowles lived on Bigs Lane in Seabrook, New Hampshire. His brother, Robert Knowles, lived there with him. Their brother, William Knowles, lived further down on Bigs Lane.

At approximately 10:00 p.m. on May 24, Kathleen Knowles (who was Robert's estranged wife) made a 911 call to report that a man punched another man on Bigs Lane and would not let others leave the area. Several Seabrook police officers, including David Hersey, went to Bigs Lane in response to the call. When he arrived, Hersey saw William Knowles standing behind a pickup truck parked near the entrance to Bigs Lane. A large crowd had gathered, but the situation appeared to be mostly under control.

As Hersey approached William Knowles, Paul and Robert Knowles came out of their house. Paul saw a large crowd around his brother, William. Robert began walking toward William.

The events thereafter are disputed. Hersey states that Robert and Paul were yelling at William, and then William and Robert began to fight. Hersey told Paul to go back to the

house.  Paul tried to push past Hersey, grabbing his shoulder or chest.  Hersey pushed back, causing Paul to fall to the ground.

In support of his objection to summary judgment, Paul Knowles states that when he went outside to see what was going on, his brother Robert was "jawing" with his brother Billy (William).  They were arguing but not physically fighting.  Knowles states that he attempted to mediate his brothers' argument.  Hersey ran into Knowles's right side and knocked him to the ground.

Hersey charged Knowles with simple assault and obtained an arrest warrant later that night.  Knowles turned himself in the next day, was booked, and then was released on personal recognizance.  He was tried and found not guilty.

In this case, Knowles brings claims against Hersey for unreasonable use of force under the Fourth Amendment and assault and battery under state law (Count I), malicious prosecution (Count II), "Summary Punishment in Violation of the Right to Due Process" (Count III), and defamation (Count IV).

## Discussion

Hersey moves for summary judgment on the due process claim in Count III and the defamation claim in Count IV.  Knowles filed an objection but responded to the motion for summary

judgment only as to Count III.  For the reasons that follow, the motion for summary judgment is granted on Counts III and IV.

    A.   <u>Due Process – Count III</u>

In Count III, Knowles alleges that Hersey's use of force was excessive and unreasonable and violated his rights under the Fifth and Fourteenth Amendments to be free "from summary punishment."[2]  Hersey has interpreted Count III to allege a violation of Knowles's substantive due process right under the Fourteenth Amendment.  In his objection to summary judgment, Knowles argues that Hersey's use of force against him and prosecution of him for assault constitute a violation of his substantive due process rights.

Excessive force claims against police officers are governed by the Fourth Amendment not the substantive due process clause of the Fourteenth Amendment.  Graham v. Connor, 490 U.S. 386, 395 (1989); Lachance v. Town of Charlton, 990 F.3d 14, 20 (1st Cir. 2021).  Knowles brought an excessive force claim under the Fourth Amendment in Count I.  Therefore, to the extent Knowles's substantive due process claim in Count III is based on

---

[2] The Fifth Amendment does not appear to have any relationship to the circumstances alleged in this claim.  See, e.g., Royer v. Shea, 2006 WL 1361220, at *5 (D. Me. May 17, 2006).

allegations that Hersey used excessive force, Hersey is entitled to summary judgment on that part of Count III.

Knowles adds in his objection that Hersey also violated his right to substantive due process by charging him with assault and prosecuting him on that charge. At most, Knowles's allegations may describe malicious prosecution, which does not support a claim for violation of his substantive due process rights. Freeman v. Town of Hudson, 714 F.3d 29, 41 (1st Cir. 2013). He alleged a claim for malicious prosecution in Count II and provides no grounds to support a separate claim for a violation of substantive due process on that basis.

The limitations on a claim for a substantive due process violation addressed in this section preclude Knowles's claim. Even without those limitations, however, he has not met the standard for showing a violation of the right to substantive due process. "To be cognizable, a substantive due process claim under 42 U.S.C. § 1983 must allege facts so extreme and egregious as to shock the contemporary conscience." Abdisamad v. City of Lewiston, 960 F.3d 56, 59–60 (1st Cir. 2020) (internal quotation marks omitted). Crediting Knowles's version of events that Hersey intentionally knocked him down and improperly charged and prosecuted him for assault, Knowles does not meet that standard. As Knowles asserts no actionable grounds to

support his claim for violation of his right to substantive due process, Hersey is entitled to summary judgment on Count III.

B. Defamation

In Count IV of his complaint, Knowles alleges that "Defendant Hersey intentionally, falsely, maliciously and without legal basis publicly accused and fully prosecuted [Knowles] before a jury for the crime of assault and battery on a police officer." Doc. no. 1-1, ¶ 36. Hersey moves for summary judgment in his favor on that claim based on the absolute immunity from liability accorded to statements made in a judicial proceeding under New Hampshire law. Knowles did not address Count IV in his objection.

New Hampshire recognizes that certain communications made during judicial proceedings are absolutely privileged. Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848, 853 (1998). Statements made in judicial proceedings that are pertinent to the subject matter of the proceedings are privileged. McGranahan v. Dahar, 119 N.H. 758, 763 (1979). Statements that lead to criminal charges and prosecution are also protected, although in extreme circumstances, the accused may be able to bring a claim for malicious prosecution. Id. at 769.

7

Statements made by Hersey in charging Knowles with assault and prosecuting him on that charge are privileged.  The facts presented for summary judgment provide no grounds for a defamation claim.  Hersey is entitled to summary judgment on Count IV.

### Conclusion

For the foregoing reasons, Hersey's motion for summary judgment (document no. 11) is granted.  Counts III and IV are dismissed.

With the resolution of the motion for summary judgment, Counts I and II will be addressed at trial.  Trial is currently set for the two-week period beginning on August 16, 2022.  Pretrial statements, along with other pretrial filings, are due July 15, 2022.

In their joint mediation statement filed on April 14, 2022, the parties stated that they did not agree to mediate the case and instead anticipated that the claims would be resolved by motion practice or at trial.  The claims were not resolved entirely through motion practice, and the deadline has passed for dispositive motions.  Before the court and the parties spend the considerable time and resources necessary to prepare for

trial, the parties are expected to use their best efforts to resolve one or both of the remaining claims.

The parties shall meet and confer **on or before June 1, 2022,** and file a status report as to whether they will mediate before trial.

SO ORDERED.

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

May 25, 2022

cc: Counsel of record.